1  DAVID E. MASTAGNI, ESQ. (SBN 204244)
   JAMES CARR, ESQ. (SBN 53274)
2  ISAAC S. STEVENS, ESQ. (SBN 251245)
   JEFFREY R. A. EDWARDS, ESQ. (SBN 265597)
3  **MASTAGNI, HOLSTEDT, AMICK,**
   **MILLER & JOHNSEN**
4  *A Professional Corporation*
   1912 "I" Street
5  Sacramento, California 95811-3151
   Telephone: (916) 446-4692
6  Facsimile: (916) 447-4614

7  Attorneys for Plaintiffs

8

9                  IN THE UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11

12  JEFFREY HORTON, et al., acting for          )  CASE NO.     2:09-cv-00806-FCD-KJN
    themselves and other similarly situated,    )
13                                              )  **STIPULATION RE APPROVAL OF**
                                                )  **SETTLEMENT AGREEMENT AND**
14                  Plaintiffs,                 )  **DISMISSAL WITH PREJUDICE;**
                                                )  **ORDER**
       v.                                       )
15                                              )
                                                )
16  COUNTY OF SACRAMENTO,                       )
                                                )
17                  Defendant.                  )
    _____        )

18

19                               **STIPULATION**

20  The parties to the above captioned action hereby stipulate as follows:

21       1.       Plaintiffs JEFFREY HORTON, et al. (Collectively "Plaintiffs") are presently or were

22  previously employed by the COUNTY OF SACRAMENTO ("Defendant"). Plaintiffs and the

23  Defendant shall be collectively referred to as "Parties" herein.

24       2.       Plaintiffs filed the above captioned action ("Action") on behalf of themselves and

25  others similarly situated alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)

26  ("FLSA"). The Court has jurisdiction over the subject matter of this action and over the parties.

27       3.       The Defendant filed an Answer to the Complaint denying its material allegations and

28  asserting affirmative defenses thereto.

4.     The Parties dispute the applicability of the FLSA to the facts as alleged in the Complaint.

5.     The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by experienced counsel.

6.     The Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore reached an agreement.  The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release of All Claims ("Settlement Agreement") that all Parties have executed.  A copy of the Settlement Agreement is attached hereto and incorporated herein.

7.     Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived. (See, e.g., *Lynn's Food Stores, Inc.* v. *United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).)  However, when employees bring a private action for compensation under the FLSA, and present the district court a proposed settlement, the district court may enter a judgment after scrutinizing the settlement for fairness. (*Id*. at 1353.)

8.     By entering into this Stipulation and requesting Court approval, the Parties do not intend that the Court should make any findings or determination regarding the law.

IT IS THEREFORE STIPULATED, by and between the Parties, through their respective counsel, that:

1.     The Settlement Agreement contains a fair and just negotiated resolution to the current dispute between the parties in this case;

2.     The Court approve the Settlement Agreement by signing the Order set forth below;

3.     The Court should reserve jurisdiction over this Action for the purposes of enforcing the Settlement Agreement;

///
///
///
///
///

1       4.    Upon the Court's approval of the Settlement Agreement, this Action should be

2 dismissed with prejudice.

3 Dated: April 15, 2011             **MASTAGNI, HOLSTEDT, AMICK,**

4                               **MILLER & JOHNSEN**

5                               By:   */s/ David E. Mastagni*

6                                   DAVID E. MASTAGNI
                                  Attorney for Plaintiffs

7

8 Dated: April 15, 2011              **PORTER SCOTT**

9

10                               By:    */s/ John R. Whitefleet*

11                                   JOHN R. WHITEFLEET
                                  Attorney for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND          HORTON v. COUNTY OF SACRAMENTO
DISMISSAL WITH PREJUDICE; ORDER                              Case No. 2:09-cv–0806-FCD-KJN

3

**ORDER**

The Court has carefully reviewed the Settlement Agreement, the Stipulation and proposed Order, and relevant Exhibits.  Based upon a review of the record, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement, which is incorporated herein by reference, is approved as fair, reasonable and just in all respects as to the Plaintiffs, and the Parties shall perform the Settlement Agreement in accordance with its terms;

2.      The Court reserves jurisdiction over this Action for the purposes of enforcing the Settlement Agreement;

3.      The Court has made no findings or determination regarding the law, and this Stipulation and Order and any exhibits and any of the other documents or written materials prepared in conjunction with this Stipulation and Order shall not constitute evidence of, or any admission of, any violation of the law;

4.      This Action is hereby dismissed with prejudice.


Dated: April 18, 2011

                                        FRANK C. DAMRELL, JR.
                                        UNITED STATES DISTRICT JUDGE